Porter, J.
delivered the opinion of the court. This action was instituted on an appeal bond, which contained the usual condition, that if the parties should prosecute their *379 appeal with effect, and pay or perform any judgment that might be rendered against them, &c., the obligation would be void, otherwise to remain in full force and effect.
West'n District.
Sept. 1822.
Sureties are entitled to oppose all exceptions which are inherent to the debt, not those which are personal to the debtor.
The sheriff’s return on a fi. fa. of the causes which prevented him making sale of the property seized, will be taken as true, if not disproved.
The plaintiff avers, that this bond was given in consequence of a judgment he obtained at the May term of the district court, for the parish of Rapides, in the year 1820, against Maria C. Gordon, tutrix of her minor children, and Samuel L. Wells, it solido, for the sum $550, with five per cent. interest until paid and costs—which judgment, however, so far as it related to Maria C. Gordon, was to be levied of the estate of James H. Gordon, in be the hands of the said Maria, to be administered.
He further avers, that the defendants failed to prosecute their appeal with effect, and that by reason of their neglect to do so, they and their security on the appeal bond, Smith Gordon, have become responsible to him, and are bound to pay the amount of said judgment, with costs.
There is further an allegation, that the tutrix has made herself responsible for the debts of her minor children.
To this petition Maria C. Gordon answered, *380 denying the allegations therein contained, and averring that she took the appeal in quality of tutrix of her minor children—that if the sheriff did not seize and sell the property of the succession, it was because, subsequently to the plaintiff’s judgment obtained, a decree was rendered by the honourable court of the sixth district, ordering a sale of all the property of the succession, and suspending execution until the proceeds thereof should be due, which period had not arrived—and that it was not true that she had made herself personally responsible for the debts of the succession of James H. Gordon.
There is no answer appearing on the record from the defendant Wells.
Gordon, the surety upon the appeal bond, pleaded the general issue, discussion, benefit of all exceptions that the principal debtors were entitled to, and a judgment by the district court ordering a sale of the property of James H. Gordon, deceased, a classification of the debts due by his estate, and a suspension of all proceedings at law against it; which judgment, he avers, was the reason why the appeal was not prosecuted with effect.
The plaintiff introduced, in evidence, the *381 bond executed by the defendants—it is in the usual form, and dated on the 22d June, 1820.
Also, two executions—one dated the 9th January, 1821, on which the sheriff returned that he had seized a quantity of cotton, and advertised it for sale, but that he had been enjoined from selling it by an order of the district court—another, which had issued on the 16th July, of the same year, and on which the sheriff had endorsed, that he could not find any property of the defendants, except three tracts of land, which were so incumbered that it would be impossible to make any money of them, and that the plaintiff had refused to have them seized.
The judgment in the case of Balio & others vs. Heirs of Gordon, makes a part of the record; by this judgment, the tutrix is directed to sell all the property according to law, and the execution of the plaintiffs, in that suit, is suspended—but there is no order staying all proceedings against her, or ordering a meeting of creditors.
The petition of one of the defendants, praying an injunction against the execution issued on the original judgment obtained by the present plaintiff, was also introduced—it states, *382 that the execution had issued irregularly; that she had sold a considerable part of the estate to pay the debts; that the claims were filed and classed by the parish judge, and directed to be paid in the legal order.
On this evidence, the judge a quo dismissed the plaintiff's petition, without prejudice to his future rights ; and from the decree, so far as it regarded Gordon the surety, the plaintiff has appealed.
It is contended he cannot recover, because he has not discussed the property of the principal debtor.
In this case two executions have been returned unsatisfied, and admitting the defendant not to be concluded by these returns, and that he can still plead discussion, he has not, in this case, complied with the law which confers that privilege on him; for it is not sufficient to say that the debtor, for whom he bound himself, has property; he must point out in what that property consists, and where it is situated, and he must furnish money sufficient to carry the discussion into effect.—Civil Code, 430, arts. 8 & 9. Herries vs. Canfield, 9 Martin, 389.
It is next urged, that the surety is entitled *383 to all exceptions which the principal debtor could enjoy the benefit of—and these exceptions, in this case, are said to be:—
1. That the tutrix was not obliged to prosecute the appeal, in consequence of a judgment in the case of Balio and others against her.
2. That the property of the estate of J. H. Gordon has been sold by the court of probates, in pursuance of an order of the district court, and that she has been prevented from discharging this claim, as the terms of payment given on the sale of that property, are not yet expired.
I. The judgment in the case of Balio & others vs. Heirs of Gordon, cannot in any manner affect the rights which the plaintiff may have acquired in virtue of the bond executed to him. It was res inter alios acta—Part. 3, tit. 22, l. 20 ; 9 Martin, 376.
The principal debtors were not excused from carrying up this appeal by the decree in that case. Either the judgment obtained in the first instance against them, was correct, or it was not. If it was correct, they should not have appealed from it. If it was erroneous, they ought to have prosecuted their appeal *384 with effect. And if they failed to do so, they have not only revived that original judgment, but they have made themselves responsible on the new contract, by which they engaged they would reverse the judgment, or satisfy it.
But it is said, that by the order of the district court, the whole of the property belonging to the succession was directed to be sold, and therefore prosecuting the appeal was unnecessary.
This conclusion cannot receive our assent. It is true, the placing the property out of the reach of a creditor, who wished to seize upon it to the injury of others, may have been the object for which the defendants appealed. But the object which they had, in appealing, is a quite distinct question, from the rights acquired by the plaintiff under the contract formed by that step. And, although attaining the end they had in view, by a decree in another suit to which the plaintiff was not a party, may have answered their purpose, yet it does not discharge their bond ; for the condition of it was not that they would obtain a decree of the district court, but that they would prosecute their appeal with success ; and this brings us to the next and last question in the *385 cause, whether the principal debtor, being placed in a situation in which she cannot make payment, recourse can be had against the surety.
The surety is not entitled to every exception which the principal debtor may urge. He has a right to oppose all which are inherent to the debt, not those which are personal to the debtor. Civil Code, 432, art. 21. Pothier distinguishes them into exceptiones in personam, and exceptiones in rem. The latter, which go to the contract itself, such as fraud, violence or whatever entirely avoids the obligation, may be pleaded by the surety ; but the former, which are grounded on the insolvency or partial solvency of the debtor, or which result from a cession of his property, or are the consequence of his minority, cannot be opposed to the creditor. Pothier on Obligations, 380-381.
In the case before us, the objection that, since executing this bond, one of the principal debtors has obtained from a court of competent jurisdiction, an order directing a sale of all the property of the succession she represents, and by that means suspending the payment of debts due by it, cannot be distin *386 guished from the case of partial solvency put by the author to whom we have referred.
Thomas for the plaintiff, Bullard for the defendant.
It is unnecessary to examine the objection, that the plaintiff prevented the sheriff from levying on real estate of the defendants, for the same evidence which informs us of the fact, states that it was so incumbered no money could be made out of it.
We have not a doubt but the plaintiff ought to recover.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed—and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of $578, with interest on $550 of said sum, from the 28th April, 1820, until paid; the costs of the court in the first instance, and those of this appeal.